950 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re William L. KRAYER.
 No. 91-1314.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1991.
 
 Before RICH, MICHEL and LOURIE, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Krayer appeals from the February 27, 1991 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 90-1325, affirming the rejection of claims 1-3, 5-7, 20 and 21 in patent application Serial No. 898,651, filed August 21, 1986, entitled "Corner Cabinet," as unpatentable under 35 USC 102(b) in view of United States Patent No. 4,074,778 to Morrell et al. (Morrell). We reverse.
 
 OPINION
 
 2
 This court has stated that anticipation is established only when each and every element of the claimed invention is disclosed, either expressly or under principles of inherency, in a single prior art reference. Kalman v. Kimberly-Clark Corp., 713 F.2d 760, 771, 218 USPQ 781, 789 (Fed.Cir.1983), cert. denied, 465 U.S. 1026 (1984). The claimed invention in this case is a shelf in the shape of a Reuleaux triangle. Claims 1 and 20, the only two independent claims at issue, are exemplary of the invention and read as follows:
 
 
 3
 1. A shelf in the shape of a Reuleaux triangle, having means for guiding its rotation within a fixed square area to maintain said shelf substantially at all times in contact with all four sides of said square area.
 
 
 4
 20. A rotatable shelf in the shape of a closed curve of constant width having more than one curve, and means associated with said shelf for guiding the rotation thereof within a fixed square area to maintain said shelf in contact with all four sides of said square area substantially throughout the rotation of said shelf.
 
 
 5
 The claims at issue were rejected by the Board as anticipated by Morrell which discloses a drill apparatus for cutting square holes using a cutterhead having the shape of a Reuleaux triangle. It is described as useful in the mining of coal. The issue in this case boils down to whether or not the term "shelf" as used in claims 1 and 20 is sufficient to distinguish over the cutterhead structure in the Morrell reference. Thus, the question of anticipation turns on claim interpretation, a question of law. Corning Glass Works v. Sumitomo Elec. U.S.A., Inc., 868 F.2d 1251, 1256, 9 USPQ2d 1962, 1965 (Fed.Cir.1989).
 
 
 6
 The Board found that Morrell's cutterhead is a plate-like element configured in the shape of a Reuleaux triangle which is inherently capable of functioning as a "shelf" within the broad meaning of the term. The Board further found that the language of claims 1 and 20 fails to specify a particular orientation or relationship of the "shelf" with respect to the environment in which it is used.
 
 
 7
 Krayer's position is that the term shelf, as used in the claims, is a limitation that, by definition, defines its orientation and relationship in the environment in which it is used. In support, Krayer provides two common definitions of the term "shelf", which we can judicially notice:
 
 
 8
 1. A thin flat length of wood or other material set horizontally at right angles to a wall and used for holding things.
 
 
 9
 2. A similar support built into a frame, as in a bookcase or cupboard; usually one of a set.
 
 
 10
 First, the Morrell reference is not even remotely related to a shelf. Although the general configuration of the cutterhead is in the shape of a Reuleaux triangle its structure would not allow it to function as a shelf. The Board's description of the Morrell cutterhead as "a thin, flat plate-like element ..." is an over-simplified description of the cutterhead. We note, for example, that the cutterhead, described as "plate-like," is not a plate per se or a structure for supporting an object. On the contrary, the cutterhead contains three relatively large holes, presumably to allow extracted material to pass through the cutterhead even when drilling in a vertical position, which obviously would not be a feature preferred in a shelf that is supposed to support objects in a horizontal position. To say the least, it is difficult to conceive the cutterhead being utilized as a "shelf" in any sense of the word.
 
 
 11
 Second, although the Board interpreted the cutterhead to be, in the words of definition (1), "[a] thin flat length of wood or other material ..." it failed to adequately explain how the second half of definition (1) fits into its interpretation. The second half of definition (1) requires the thin flat length of wood or other material to be "set horizontally at right angles to a wall...." Similarly, definition (2) requires a support to be "built into a frame, as in a bookcase or cupboard...." These elements, inherent in the definition of the term "shelf", describe the relationship of a thin flat length of material with a "wall" or "frame" and are not present in the Morrell reference.
 
 
 12
 We agree with appellant that the claimed subject matter cannot be found in Morrell. We are not reading limitations from the specification into the claims as the Board accuses appellant of doing but only reading the term "shelf" according to its common obvious meaning. The term is in the claims.